IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID BERNHARDT, *et al*.,<br><br>*Defendants*. | Case No. 20-cv-5065 (LJL) |

**PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE**

/s/ *Travis Annatoyn*
Travis J. Annatoyn
Democracy Forward Foundation
1333 H St. NW
Washington, DC 20005
(202) 448-9090
tannatoyn@democracyforward.org

Plaintiff National Audubon Society submits this response to the Motion to Intervene filed by the Borough of Avalon, the Borough of Stone Harbor, and the City of North Wildwood ("Proposed Intervenors"). Plaintiff and Proposed Intervenors have conferred regarding the Motion, and, based upon Proposed Intervenors' representations and subject to certain conditions set forth below, Plaintiff does not oppose the Motion.

Plaintiff's action challenges a November 2020 rule issued by the United States Department of the Interior (the "Excavation Rule") under the Coastal Barrier Resources Act. Plaintiff filed its Complaint on July 2, 2020. On August 21, 2020, the parties submitted a proposed schedule, ECF No. 28, which the Court adopted on August 24, 2020, ECF No. 29. That schedule calls for staggered briefing of (1) Federal Defendants' Motion to Dismiss and (2) Plaintiff's Motion for Partial Summary Judgment, with Federal Defendants' opening brief due on October 2, 2020, or 24 days from the date of this filing. *See id.* at 1.

Later on August 24, 2020, Proposed Intervenors filed their Motion to Intervene. The Motion does not address the Court's schedule. As originally filed, the Motion also sought leave to file a crossclaim against Federal Defendants and a counterclaim against Plaintiff. *See* ECF No. 31-1 at 30-32. The subject of both claims is a 1994 Department of the Interior memorandum (the "1994 Memorandum") that was rescinded by the Excavation Rule.

The Motion presents at least two issues relevant to Plaintiff's timely prosecution of its claims:

*Proceedings for review.* It is Plaintiff's position that this record review case should proceed expeditiously according to the schedule already in place. Counsel for Proposed Intervenors has represented that Proposed Intervenors would support this schedule should the Court grant the pending Motion to Intervene. Proposed Intervenors have further represented that

1

they would support participating in that schedule by (1) filing briefs according to the deadlines and page limits applicable to Federal Defendants and (2) increasing Plaintiff's page limits by roughly 50% to account for any unique arguments raised by Proposed Intervenors. Counsel for Federal Defendants has represented that Federal Defendants do not oppose this schedule, which is as follows:

- **October 2, 2020:** Federal Defendants' and Intervenor' respective motions to dismiss and briefs in support of those motions.  These briefs shall be limited to 25 pages each.

- **November 6, 2020:** Plaintiff's combined brief in opposition to Defendants' and Intervenors' motions to dismiss and in support of Plaintiff's cross-motion for summary judgment as to Plaintiff's first, third, and fourth causes of action. This brief shall be limited to 60 pages.

- **December 11, 2020:** Federal Defendants' and Intervenors' respective briefs in opposition to Plaintiff's motion for summary judgment and in further support of their motions to dismiss. These briefs shall be limited to 30 pages each

- **January 15, 2021:** Plaintiff's reply brief in further support of its motion for summary judgment.  This brief shall be limited to 25 pages.

*Proposed Intervenors' "crossclaim."* Plaintiff's position is that this Administrative Procedure Act ("APA") case is properly limited to judicial review of the discrete agency action identified in Plaintiff's Complaint, i.e., the Excavation Rule. 5 U.S.C. § 704. *See also* ECF No. 28 at 1 (reflecting parties' understanding that this action arises under the APA and the National Environmental Policy Act). Insofar as Proposed Intervenors' counterclaim and crossclaim seek relief as against the 1994 Memorandum, that Memorandum is a discrete agency action with a discrete record and is outside the scope of this case. *See New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 529 n.4 (2d Cir. 2010) ( "Except in extraordinary cases, intervenors may only join issue on a matter that has been brought before the court by another party. They cannot expand the proceedings.") (quotation omitted).

Proposed Intervenors have addressed some of these concerns by amending their proposed pleading to withdraw their counterclaim against Plaintiff. *See* Decl. of Ariel E. Ronneburger in Support re: Mot. to Intervene, ECF Nos. 34, 34-1. Plaintiff's understanding is that any order granting Proposed Intervenor's Motion will necessarily adopt this amended proposed pleading rather than Proposed Intervenor's original submission.[1] With respect to the remaining crossclaim, Proposed Intervenors have represented to Plaintiff that "this case is limited to the 2019 Decision by Secretary Bernhardt, and that the 1994 Memo is an issue only to the extent it is discussed in the 2019 Decision." Email from Ariel Ronneburger to Travis Annatoyn, Jeff Dubner, and Aman George (Sept. 2, 2020, 3:25PM EDT). Insofar as the Court grants Proposed Intervenors' Motion and Intervenors later seek relief as against the 1994 Memorandum, Plaintiff reserves all rights to contest that relief, including on grounds that Defendant Intervenors lack standing to challenge the 1994 Memorandum, that the Memorandum was not "final agency action" at the time Proposed Intervenors filed their Answer, 5 U.S.C. § 704, and that such relief is barred by the statute of limitations.

In light of Proposed Intervenors' representations, Plaintiff does not oppose Proposed Intervenors' Motion. Plaintiff respectfully suggests that the Court enter the unopposed schedule set forth above, which will accommodate both the existing parties to this action and Proposed Intervenors' requested participation.

//

//

---

[1] *See, e.g.*, *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1194–95 (9th Cir. 2008) ("[The APA] . . . provide[s] for review of an order or action to ensure its consistency with the law, and do[es] not make reference to a right to sue a private entity.") (citations omitted); *Abbott v. BP Expl. & Prod. Inc.*, No. 09-1193, 2011 WL 13351989, at *5 (S.D. Tex. Dec. 2, 2011) ("BP is not a federal agency, and its actions are not subject to review under the APA."); *Ohio ex rel. Merrill v. Ohio Dep't of Nat. Res.*, No. 05-818, 2006 WL 8459887, at *6 (N.D. Ohio Feb. 14, 2006) ("it strikes the court as odd that a [plaintiff] could suffer a legal wrong at the hands of the administrative agency if another party merely challenges the validity of the final agency action").

Dated: September 8, 2020                    *Respectfully submitted*,

<div style="margin-left: 40%;">
/s/ Travis Annatoyn  
Travis Annatoyn (D.C. Bar No. 1616605)  
Democracy Forward Foundation  
1333 H St. NW  
Washington, DC 20005  
(202) 601-2483  
tannatoyn@democracyforward.org
</div>

4