UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL AUDUBON SOCIETY,

                 Plaintiff,

              -v-

DEB HAALAND, in her official capacity as
Secretary of the Interior,[1] MARTHA
WILLIAMS, in her official capacity as Principal
Deputy Director, U.S. Fish and Wildlife Service,
UNITED STATES DEPARTMENT OF THE
INTERIOR, and U.S. FISH AND WILDLIFE
SERVICE,

              Defendants,

BOROUGH OF AVALON, BOROUGH OF
STONE HARBOR, and CITY OF NORTH
WILDWOOD,

              Intervenors-Defendants.

20 Civ. 5065 (LJL)

**[PROPOSED] SECOND
STIPULATION AND CONSENT
ORDER STAYING THE CASE**

       WHEREAS Plaintiff National Audubon Society ("Plaintiff") filed this action pursuant to

the Administrative Procedure Act and the National Environmental Policy Act on July 2, 2020,

against defendants the Secretary of the Interior, the Director of the U.S. Fish and Wildlife

Service, the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service (collectively,

"Defendants"), challenging an interpretation of a provision of the Coastal Barrier Resources Act

("CBRA") codified at 16 U.S.C. § 3505(a)(6)(G), *see* Dkt. No. 1;

       WHEREAS on September 21, 2020, the Court granted the motion of Intervenors-

Defendants Borough of Avalon, Borough of Stone Harbor, and City of North Wildwood

---

[1] Deb Haaland was sworn in as Secretary of the Interior on March 16, 2021, and was
automatically substituted as a party pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure.

(collectively, "Intervenors"), to intervene, and Intervenors filed an answer and cross-claim against Defendants, Dkt. Nos. 36-37;

WHEREAS between October 2, 2020, and January 15, 2021, the parties fully briefed cross-motions to dismiss and for summary judgment, *see* Dkt. Nos. 38-39, 47, 49-55, 58, 63-65, 67;

WHEREAS on January 20, 2021, the President issued an Executive Order titled "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," and directed, *inter alia*, "all executive departments and agencies . . . to immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years" that relate to objectives respecting to public health and the environment identified in the order, Exec. Order No. 13,990, 86 Fed. Reg. 7037 (Jan. 20, 2021);

WHEREAS on January 20, 2021, the interpretation of the CBRA challenged herein was identified by the White House as an agency action that will be reviewed "in accordance with the Executive Order: 'Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis,'" *see* Fact Sheet: List of Agency Actions for Review (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review;

WHEREAS on February 23, 2021, this action was stayed for 60 days to permit the U.S. Department of the Interior and the U.S. Fish and Wildlife Service time to allow new agency officials to review the legal interpretation underlying this matter, *see* Dkt. No. 73;

WHEREAS since that time, officials at the U.S. Department of the Interior and the U.S. Fish and Wildlife Service have considered the legal interpretation at issue in this matter, but to

date have made no determination regarding whether they will revise the 2019 interpretation of 16 U.S.C. § 3505(a)(6)(G);

WHEREAS Defendants wish to extend the prior Stipulation and Consent Order entered on February 23, 2021, by another 60 days to permit Defendants' continued consideration of the 2019 interpretation, and have met and conferred with the other parties;

WHEREAS Plaintiff states that it is suffering continuing and ongoing harms by the delay because sand mining projects continue to be approved under the 2019 interpretation of 16 U.S.C. § 3505(a)(6)(G);

WHEREAS Defendants and Intervenors do not concede Plaintiff's statements in the preceding recital, and reserve all rights to dispute these contentions; and

WHEREAS Plaintiff consents to a second, 60-day extension to allow Defendants sufficient time for its internal deliberations but states that it is unlikely to consent to a third extension absent a determination by DOI to revise the 2019 interpretation at issue in this case;

NOW, THEREFORE, it is stipulated and agreed, and the Court hereby orders, as follows:

1.      The stay of this case implemented by prior order is extended for an additional 60 days, until June 25, 2021.

2.      The parties will submit a status report within 60 days of the entry of this order.  In the status report, Defendants will report whether, as of that date, (i) they have determined or anticipate determining not to revise the 2019 interpretation of 16 U.S.C. § 3505(a)(6)(G); (ii) they have determined or anticipate determining to revise the 2019 interpretation; or (iii) they have made no determination regarding whether they will revise the 2019 interpretation.  The status report will further describe Defendants' expectations, if any, regarding further consideration or administrative action.

3.      If Defendants have determined or anticipate determining not to revise the 2019 interpretation as of the date of the status report, the stay provided by this Stipulation and Consent Order will expire.  If Defendants have determined or anticipate determining to revise the 2019 interpretation, but require additional time to do so, or have made no determination regarding whether they will revise the 2019 interpretation, the parties will meet and confer regarding whether to extend the stay provided by this Stipulation and Consent Order.  Absent a request consented to by all parties and subsequently approved by the Court, this stay will terminate.

4.      In the event that the stay provided by this Stipulation and Consent Order terminates, Defendants reserve their rights to seek an additional stay unilaterally from the Court if warranted under the circumstances, and Plaintiff and Intervenors reserve their rights to oppose any such request.

5.      Counsel for Defendants will file this Stipulation and Consent Order via ECF on behalf of all parties.  Pursuant to Section 8.5(b) of the Electronic Case Filing Rules & Instructions of the U.S. District Court, Southern District of New York, the parties consent to the electronic filing of this Stipulation and Consent Order by counsel for Defendants.

6.      The terms of this Stipulation and Consent Order shall become effective upon its entry by the Court.  If the Stipulation and Consent Order is not approved and entered by the Court, it shall be null and void, with no force or effect.

Dated:    April 23, 2021

          /s/ Samara Spence
Aman George (DC Bar No. 1028446)*
Samara Spence (DC Bar No. 1031191)*
Jeffrey B. Dubner (N.Y. Bar No. 4974341)
Sean Lev (DC Bar No. 449936)*
Democracy Forward Foundation
P.O. Box 34553 Washington, DC 20043
Tel.: (202) 701-1782
ageorge@democracyforward.org*
sspence@democracyforward.org*
jdubner@democracyforward.org
slev@democracyforward.org*

*Admitted *pro hac vice*

*Counsel for Plaintiff*


Dated:    April 23, 2021


AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:      /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
samuel.dolinger@usdoj.gov

*Counsel for Defendants*

Dated:    April 23, 2021

                                       CULLEN AND DYKMAN LLP

                            By:    /s/ Ariel E. Ronneburger
                                         Ariel E. Ronneburger
                                       100 Quentin Roosevelt Boulevard
                                       Garden City, New York 11530
                                       Tel.: (516) 357-3700
                                       aronneburger@cullenllp.com

                                       *Counsel for Intervenors-Defendants*

SO ORDERED:


_____
HONORABLE LEWIS J. LIMAN
United States District Judge

Dated: _____
        New York, New York

6